# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as successor to Wells Fargo Bank, National Association, as Trustee for the Registered Holders of Citigroup Commercial MortgageTrust 2007-C6, Commercial Mortgage Pass-Through Certificates, Series 2007-C6, acting by and through Its Special Servicer LNR PARTNERS, LLC, | **Case No. 15-cv-08153 (PGG)**<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. |  |

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.    With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Material, or any information copied or extracted from such Confidential Material, to anyone else except as this Order expressly permits.

2.    CONFIDENTIAL information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), or other federal or state laws, rules, or regulations, may include:

(a)    Information protected from disclosure by statute or regulation, including, but not limited to, the Family Educational Rights and Privacy Act;

(b)    Information that constitutes a trade secret in accordance with Uniform Trade Secrets Act;

(c)    Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(d)    Information that includes material protected by federal, state, or foreign data protection laws or other privacy obligations, including (but not limited to) The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data,[1] 1995 O.J. (L281/31) (European Union personal information); Data Protection Act 1998 (c. 29) (United Kingdom personal information); Federal Data Protection Act (Germany personal information); the Belgian Law of December 8, 1992 on Privacy Protection in

relation to the Processing of Personal Data (Belgium personal information); Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); The Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and Act on the Protection of Personal Information (Japan personal information);

(e)     Personally identifiable information ("PII"), including: Social Security Numbers; health information relating to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual, or the past present, or future payment for the provision of health care to an individual; personal financial information such as tax information, bank account numbers, and credit card numbers; insurance claim numbers; insurance policy numbers; or the personal email addresses or other contact information of company board members, executives, and employees; and/or

(f)     Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing party.

3.     CONFIDENTIAL Information or items do not include any information or item that is:

(a)     In the public domain, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including, but not limited to, by becoming part of the public record through trial, and any public information posted by a Party that has subsequently been made unavailable by removal from the public's view (*e.g.*, deleted or closed social media posts); and/or

(b)     Any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.   During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)      the Parties to this action and their officers, directors, and employees (including in-house counsel) to whom disclosure is reasonably necessary for this proceeding, their insurers, and counsel to their insurers;

(b)      counsel retained specifically for this action, including any partners, associates, paralegals, clerical staff, or other assistant that such outside counsel employs and assigns to this matter;

(c)      outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assigns to this matter;

(d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)      as to any document: its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)      any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)      stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)      this Court, including any appellate court, its support personnel, and court

reporters.

9.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.      In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

11.      The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

12.      In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the

Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

13.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

14.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

15.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof.     In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

20.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: November 18, 2021

VENABLE LLP

/s/ Gregory A. Cross
Gregory A. Cross
Colleen Mallon Casse (*pro hac vice*)
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 244-7400

*Attorneys for Plaintiff*

WINSTON & STRAWN LLP

/s/ Luke A. Connelly
Luke A. Connelly
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700

*Attorney for Defendant*

Dated:  November 19, 2021
_____
        New York, New York

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as successor to Wells Fargo Bank, National Association, as Trustee for the Registered Holders of Citigroup Commercial MortgageTrust 2007-C6, Commercial Mortgage Pass-Through Certificates, Series 2007-C6, acting by and through Its Special Servicer LNR PARTNERS, LLC, | **Case No. 15-cv-08153 (PGG)** |
| Plaintiff, | **NON-DISCLOSURE AGREEMENT** |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: